IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PAUL EUGENE LAWSON, <br> TDCJ No. 00675063, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § § Civil Action No. 7:16-cv-00138-O-BP |

## REPORT AND RECOMMENDATION DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for Writ of Habeas Corpus filed by Paul Eugene Lawson, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. This case was referred to the undersigned pursuant to Special Order No. 3-251 on November 21, 2016. An order denying habeas relief is a dispositive order to which the undersigned may only make a recommendation to United States District Judge Reed O'Connor. *See McDaniel v. Jones*, 456 F.2d 1254, 1255 (5th Cir. 1972).

After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that Judge O'Connor DISMISS the Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

By Order entered on November 22, 2016, the Court issued a notice of deficiency and order to Petitioner, notifying him that he had failed to pay the $5.00 filing fee or submit a motion for

leave to proceed *in forma pauperis*. ECF No. 4. The Order directed Petitioner to cure the deficiency by December 13, 2016, and warned Petitioner that failure to do so may result in dismissal of the petition without further notice. *Id.* Petitioner failed to comply with the Court's Order.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Petitioner has been given ample opportunity to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. However, Petitioner has failed to comply with the Court's Order. Because Petitioner has failed to comply with the Court's Order, the undersigned RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED without prejudice for want of prosecution.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed January 3, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE