**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| PAUL EUGENE LAWSON, <br> TDCJ No. 00675063, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | Civil Action No. 7:16-cv-00138-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Paul Eugene Lawson, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 5. This Petition was referred to the undersigned pursuant to 28 U.S.C. § 636(b) by Order entered on February 28, 2017. ECF No. 24. An order denying habeas relief is a dispositive order to which the undersigned may only make a recommendation to United States District Judge Reed O'Connor. *See McDaniel v. Jones*, 456 F.2d 1254, 1255 (5th Cir. 1972).

Lawson challenges the validity of disciplinary action no. 20160112356, which was taken against him at the Allred Unit in Iowa Park, Texas for the offense of "a felony under Penal Code 37.101." *See* ECF No. 5 at 5. Lawson states that the disciplinary case resulted in a 45 day restriction of commissary, restriction of recreation and telephone privileges, reduction in line class from Line 1 to Line 3, and demotion from minimum custody to medium custody. *Id.* Lawson did not lose any previously earned good-time days. *Id.* In support of his petition, he claims that (1) the disciplinary

hearing officer lacked sufficient evidence to convict him of the offense, (2) he was denied due process to challenge the legitimacy of the violation charged, and (3) he was denied a legitimate opportunity to "discharge the tax assessed . . . in the amount of $400" by the disciplinary hearing officer. *Id.* at 6-7. Lawson's claim disputing the alleged tax of $400 levied against him is potentially cognizable under 42 U.S.C. § 1983. To the extent Lawson seeks to pursue his claim with respect to the $400 purportedly taxed against him in the disciplinary proceeding, he is free to seek leave of the court to amend his complaint in his civil rights case challenging the same disciplinary action, 7:15-cv-00173-O. *See* ECF No. 12.

With respect to the remaining claims, Lawson has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life.  However, temporary restrictions such as those imposed against Lawson do not raise such concerns.

Lawson concedes that he is not eligible for mandatory supervised release. *See* ECF No. 5 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned RECOMMENDS that the petition for writ of habeas corpus be DENIED without prejudice to Lawson's right to reassert his potential civil rights claim in his civil rights action currently pending in the Northern District of Texas.

Signed March 2, 2017.

                                                Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE